**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1912-20

JERRY RIVERA,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF HUMAN
SERVICES, ANTONIO BRINDISI,
WILLIAM DENKOVIC, MARY JO
KURTIAK, CAROLYN TREFFINGER,
and VICTOR PATEL,

    Defendants-Respondents.

Argued May 12, 2022 – Decided July 19, 2022

Before Judges Haas, Mitterhoff, and Alvarez.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0946-16.

Robert K. Chewning argued the cause for appellant (McLaughlin & Nardi, LLC, attorneys; Maurice W. McLaughlin and Robert K. Chewning, on the briefs).

Agnes I. Rymer, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Acting

Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Bryan Edward Lucas, Deputy Attorney General, and Agnes I. Rymer, on the brief).

PER CURIAM

Plaintiff Jerry Rivera appeals from the February 23, 2021 grant of summary judgment to the State of New Jersey, Department of Human Services (DHS), and various named individuals. Rivera's complaint alleged defendants violated the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14. For the reasons stated by the trial judge in his exhaustive written opinion, we affirm. We add only the following brief comments.

Rivera was employed as a Housekeeping Supervisor II. The Civil Service Commission's job specification sheet described that position's duties as follows: "Under direction in a medium size building complex in a state or local government department, agency, or college, organizes and supervises a complete housekeeping program; assigns personnel; recommends procedures and methods of all housekeeping areas; does other related duties as required."

DHS policy subjects chronic or excessive absenteeism to the following disciplinary measures, which we summarize:

A-1912-20

First infraction:  Minimum of counseling; maximum of written warning.

Second infraction:  Minimum of written warning; maximum of official reprimand.

Third infraction:  Minimum of official reprimand; maximum of removal.

Fourth infraction:  Mandatory removal.

In his decision, the judge described Rivera's three-year history of chronic absenteeism.  Rivera was diagnosed with major depressive disorder and a generalized anxiety disorder in May 2015, and presented his supervisor with two notes scrawled on prescription pad pages, which he claimed corroborated his disability.  One note said Rivera should be granted three days of medical leave, and the other said he should be transferred to a workplace where he felt more comfortable.  The prescription pad pages were from a behavioral health facility, and it is undisputed that Rivera obtained treatment there.  Unfortunately, Rivera did not request an accommodation based on the notes or present more comprehensive documents, and his supervisor hesitated to look into the notes further.

Rivera made Division of Equal Employment Opportunity/Affirmative Action (EEO/AA) complaints regarding his treatment and the treatment of other Hispanic employees at the Green Brook Regional Center where he was regularly

3

assigned. While the EEO/AA complaints were pending from June to September 2015, Rivera was transferred to Hunterdon Regional Developmental Center, his preferred worksite. Despite that transfer, he continued to log significant absences. When the EEO/AA investigation uncovered no impropriety, Rivera returned to Green Brook Regional Center.

Rivera never requested unpaid medical leave or a leave of absence. He sought only a permanent reassignment to Hunterdon. Unfortunately, Hunterdon could not accommodate his job description as there was no opening or need for a Supervisor II.

Defendants had previously been granted summary judgment, which we reversed on appeal to allow further discovery. The present summary judgment application came after discovery ended.

The judge thoroughly discussed each cause of action, finding Rivera could not dispute DHS's list of absences and never requested an accommodation. Nothing in the record supported Rivera's allegation that the denial of a permanent transfer to Hunterdon was intended to discriminate or retaliate. The judge observed that Rivera had "no facts to discredit the nondiscriminatory reason for his termination: . . . chronic and excessive absenteeism." Rivera's self-proclaimed satisfactory job performance was not enough. An otherwise

4

satisfactory employee-at-will may be unable to retain his job if he cannot come to work on a regular basis. Citing Svarnas v. AT&T Communications, 326 N.J. Super. 59, 78 (App. Div. 1999), the judge concluded that no reasonable jury could find Rivera satisfactorily fulfilled his job functions in light of his chronic absenteeism. The non-pretextual decision to terminate Rivera was solidly grounded in his absences.

Furthermore, the judge observed, Rivera's failure to request an accommodation precluded success on his contention that DHS discriminated against him because of his mental health issues. He never fully disclosed the nature and status of his condition to his employer—the notes were not enough.

The judge therefore held Rivera's CEPA claims could not survive either. Other than temporal proximity between the EEO/AA action and termination, Rivera could offer no proof he was punished for whistleblowing. While he certainly established that he had conflicts with coworkers, even viewing the facts in the light most favorable to Rivera, no reasonable jury could find a hostile work environment or that the complained-of incidents were "sufficiently severe or pervasive." In sum, the judge found no basis for relief on Rivera's causes of action, let alone punitive damages.

Now on appeal, Rivera alleges the following points:

A-1912-20

POINT I

STANDARD OF REVIEW.

POINT II

SUMMARY JUDGMENT SHOULD HAVE BEEN
DENIED BECAUSE THERE ARE ISSUES OF
MATERIAL FACT IN DISPUTE.

POINT III

PLAINTIFF HAS MERITORIOUS CLAIMS
AGAINST DEFENDANTS UNDER THE LAD.

A. Plaintiff Performed The Essential Functions
Of His Position.

B. Defendants' Alleged "Legitimate" Reason for
Plaintiff's Wrongful Termination is Pretext.

POINT IV

[PLAINTIFF] HAS A MERITORIOUS LAD CLAIM
FOR DEFENDANTS' FAILURE TO
ACCOMMODATE PLAINTIFF'S DISABILITIES.

A. Plaintiff Requested An Accommodation For
His Disabilities.

B. Defendants Failed To Reasonably
Accommodate Plaintiff.

C. Defendants Had The Ability To Accommodate
Plaintiff's Disabilities.

D. Plaintiff Established His Disabilities.

A-1912-20

POINT V

PLAINTIFF ENGAGED IN PROTECTED WHISTLEBLOWER ACTIVITY AND THEREFORE HAS MERITORIOUS CLAIMS AGAINST DEFENDANTS UNDER CEPA.

A. Plaintiff Performed His Essential Functions But For Defendants' Actions.

B. There Is Sufficient Evidence For A Jury To Find A [Causal] Connection to Defendants' Adverse Employment Actions.

POINT VI

PLAINTIFF HAS MERITORIOUS CLAIMS OF HARASSMENT AND HOSTILE WORK ENVIRONMENT UNDER CEPA AND LAD.

POINT VII

PLAINTIFF HAS MERITORIOUS CLAIMS AGAINST DEFENDANTS UNDER [RESPONDEAT] SUPERIOR AND MONELL[1] LIABILITY.

POINT VIII

PLAINTIFF SHOULD BE AWARDED PUNITIVE DAMAGES.

Rivera's claims of error on appeal lack sufficient merit to warrant much discussion in a written decision. See R. 2:11-3(e)(1)(E). We affirm summary

---

[1] Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978).

judgment for the reasons detailed in the judge's decision. We add the following comments.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995) (quoting R. 4:46-2(c)). Disputed facts "of an insubstantial nature" cannot defeat a summary judgment motion. Ibid. (quoting Judson v. Peoples Bank & Tr. Co., 17 N.J. 67, 75 (1954)). A genuine issue of material fact exists when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 540. Appellate courts review summary judgment rulings de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017).

"All employment discrimination claims require the plaintiff to bear the burden of proving the elements of a prima facie case." Victor v. State, 203 N.J. 383, 408 (2010). "There is no single prima facie case that applies to all employment discrimination claims." Ibid.

A-1912-20

> If the claim is based upon discriminatory discharge, the . . . plaintiff must demonstrate: (1) that plaintiff is in a protected class; (2) that plaintiff was otherwise qualified and performing the essential functions of the job; (3) that plaintiff was terminated; and (4) that the employer thereafter sought similarly qualified individuals for that job.
>
> [Id. at 409.]

This initial evidentiary burden is "rather modest[.]" Id. at 408 (quoting Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005)).

The burden next shifts to the defendant to articulate some legitimate and non-discriminatory reason for the challenged action. See Donofry v. Autotote Sys., Inc., 350 N.J. Super. 276, 292 (App. Div. 2001). If the defendant can produce evidence of a non-discriminatory motive, the burden shifts back to the plaintiff to produce evidence that the defendant's stated reason is pretextual. See id. at 90-92. A "plaintiff can meet that burden by means of circumstantial as well as direct evidence, or a combination of the two." Id. at 292.

"The authorities recognize that reasonably regular, reliable, and predictable attendance is a necessary element of most jobs. An employee who does not come to work cannot perform any of her job functions, essential or otherwise." Svarnas, 326 N.J. Super. at 78. "Hence, even an employee whose job performance is more than adequate when she is working will not be

considered qualified for the job unless the employee is also willing and able to come to work on a regular basis." Ibid. "The necessary level of attendance is a question of degree depending on the circumstances of each position." Ibid. "[T]here is no way to reasonably accommodate the unpredictable aspect of an employee's sporadic and unscheduled absences. This is true even if the employee is using time allotted to her, and even if the absences are disability related." Ibid. "[A]n indefinite unpaid leave is not a reasonable accommodation, especially where the employee fails to present evidence of the expected duration of her impairment." Id. at 79.

On appeal, Rivera argues that defendants cannot prove that regular attendance is an essential function of the job, define regular attendance, or explain why such attendance is necessary. But as the judge found, given the nature of Rivera's work, regular attendance was essential.

After extensive discovery, Rivera could not identify evidence supporting any of his allegations of discrimination. The trial judge had no choice but to grant summary judgment. No material conflict of fact existed; defendants were entitled to judgment as a matter of law.

Rivera's LAD cause of action had no support in the record. An employee's request for accommodation obligates the employee to engage in the interactive

process. If an employee does not request accommodation, an employer cannot be expected to guess. In this case, the employer would have had to guess that Rivera's anxiety and depression constituted a disability, despite his failure to document the issues. See Wojtkowiak v. N.J. Motor Vehicle Comm'n, 439 N.J. Super. 1, 15 (App. Div. 2015). The prescription pad pages Rivera provided were insufficient, thus his LAD claim fails.

The LAD burden shifting framework also applies in CEPA cases. Massarano v. N.J. Transit, 400 N.J. Super. 474, 492 (App. Div. 2008). Temporal proximity between the alleged whistleblowing activities and the employer's adverse action, standing alone, does not establish causation. Hancock v. Borough of Oaklyn, 347 N.J. Super. 350, 361 (App. Div. 2002).

The lack of a causal connection between Rivera's complaints and an adverse employment action defeat Rivera's claim. Defendants offered a reasonable explanation for every challenged action. For example, defendants responded positively to Rivera's complaints regarding the purportedly discriminatory treatment of Hispanic employees. Regardless, "there is an implicit requirement that an employee be performing the essential functions of his job in order to advance a CEPA claim." Rivera v. N.J. Dep't of Hum. Servs., No. A-0086-17 (App. Div. Mar. 28, 2019) (slip op. at 42-43).

11

No reasonable juror could find Rivera could perform the essential functions of his job without regular attendance. Defendants proffered a non-retaliatory reason for each action of which he complained. No reasonable jury could find any harassment or discriminatory conduct under these circumstances.

Rivera's inability to perform his essential duties defeats his Monell[2] claims. Because Rivera's factual allegations do not support his causes of action, no punitive damage claim should reach the jury.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Monell created a cause of action against local governments under 42 U.S.C. § 1983. See 436 U.S. at 662-63.

A-1912-20